## Hiram Higgins, Surviving Partner, v. Hide & Leather National Bank.

1. BILL OF EXCEPTIONS—*Must be Under Seal.*—A bill of exceptions must be under the seal of the trial judge.

Trover.—Appeal from the Superior Court of Cook County; the Hon. GEORGE A. TRUDE, Judge, presiding. Heard in the Branch Appellate

Court at the March term, 1899.   Affirmed.   Opinion filed March 13, 1899.

FLOWER, SMITH & MUSGRAVE, attorneys for appellant.

HENRY S. ROBBINS, attorney for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The facts of this case appear sufficiently stated in Hide and Leather National Bank v. West et al., 20 Ill. App. 61, when at the March term, 1886, of this court, a judgment in favor of the present appellant (by his firm name) was reversed and the cause remanded, because the verdict was not supported by the evidence, and for error in a certain instruction.

Since that decision the case has been tried twice, resulting, the first time, in a verdict in favor of appellant, which the trial court set aside, and at the last trial in a verdict directed by the court in favor of the appellee; and the question now before us is as to the propriety of the court's action in directing this last verdict.

The first point made and contended for by appellee, in argument, is that the judgment must be affirmed, because there is no seal to the signature of the trial judge to the bill of exceptions.

This court has had recent occasion to pass upon that question, upon a careful review of the authorities, and we must adhere to our there expressed conclusion, that a seal is necessary.   Cudney & Company v. Martindale (No. 8375 of this term).

Although the point referred to is conclusive, we have nevertheless looked at the merits of the case, and think that, assuming a proper bill of exceptions to be before us, the judgment is right.

There is in this record some evidence that, it is claimed, was not in the record that was here upon the previous appeal, and we have particularly examined such evidence, with the result that we do not think it sufficient to in any degree change the views expressed in the opinion of the court then given, and with which we fully agree.

The approved rule as to when a case may properly be taken from the jury, is to be found in the late case of Offutt v. Columbian Exposition, 175 Ill. 472, and was correctly applied by the trial judge in this case.

The judgment is accordingly affirmed.